UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

----------------------------------------------------x

| | |
|---|---|
| WELLINGTON RATCLIFF, JR., | : |
| an individual, | :     CASE NO.: |
| | : |
|       Plaintiff, | : |
| | :     Judge: |
| vs. | : |
| | : |
| | :     Magistrate: |
| | : |
| LOUISIANA-I GAMING, LP, and | : |
| PINNACLE ENTERTAINMENT, INC. | : |
| | : |
|       Defendants. | : |

----------------------------------------------------x

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, WELLINGTON RATCLIFF, JR., by and through his undersigned counsel, hereby files this original Complaint and sues PINNACLE ENTERTAINMENT, INC. (hereinafter "PINNACLE") and LOUISIANA-I GAMING, LP, (hereinafter "LOUISIANA-I") (collectively "DEFENDANTS") for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.     Plaintiff, WELLINGTON RATCLIFF, JR., (hereinafter referred to as "MR. RATCLIFF"),

1

is a resident of Orleans Parish, Louisiana. MR. RATCLIFF resides at 2212 Fourth Street, New Orleans, Louisiana 70117.

4.    MR. RATCLIFF is a qualified individual with a disability under the ADA. MR. RATCLIFF is a paraplegic.

5.    Due to his disability, MR. RATCLIFF is substantially impaired in several major life activities and while he can use a walker for short distances, he uses a wheelchair to ambulate. Specifically, MR. RATCLIFF is unable to walk, stand, or use his legs without assistance.

6.    Upon information and belief, DEFENDANT PINNACLE is a business corporation incorporated in the State of Louisiana and having the domicile of 610 Sherron Ave., Baker, Louisiana 70714.

7.    Upon information and belief, DEFENDANT LOUISIANA-I is a Louisiana Partnership in Commendam organized in the State of Louisiana and having the domicile of 4132 Peters Road, Harvey, Louisiana 70058.

8.    Upon information and belief, DEFENDANTS are the owners and/or operators of the real properties and improvements that are the subject of this action, to wit: The Boomtown Casino and Hotel, located at 4132 Peters Road, Harvey, Louisiana 70058. (hereinafter referred to as "the Property").

9.    As the owner of the Property, DEFENDANTS are obligated to comply with the ADA.

10.   All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

11.     MR. RATCLIFF realleges and reavers Paragraphs 1 - 10 as if they were expressly restated

herein.

12.     The Property is a place of public accommodation, subject to the ADA, generally located

at: 4132 Peters Road, Harvey, Louisiana 70058.

13.     Upon information and belief, MR. RATCLIFF has visited the Property numerous times

and desires to visit the Property again in the near future.

14.     Upon information and belief, MR. RATCLIFF's most recent visit to the Property prior to

filing this original Complaint was on or about February of 2016.

15.     When MR. RATCLIFF visited the Property on that date, he requested an accessible-

designated hotel room. One of DEFENDANTS' employees told MR. RATCLIFF that no

accessible-designated hotel rooms exist at the Property.

16.     Upon information and belief, there are accessible-designated hotel rooms at the Property.

Upon information and belief, DEFENDANTS' employees are not properly trained to

provide accurate information about accessible-designated hotel rooms to patrons, and

provided false information to MR. RATCLIFF during his visit.

17.     Further, during MR. RATCLIFF'S visits to the Property, he has experienced serious

difficulty accessing the goods and utilizing the services therein due to numerous

architectural barriers which exist at the Property.

18.     MR. RATCLIFF continues to desire to visit the Property and to purchase the food and

utilize the gaming machines offered at the Property, but he continues to experience serious

difficulty due to the barriers discussed below in Paragraph 21, which still exist.

19.     MR. RATCLIFF intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

20.     MR. RATCLIFF also intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 21 still exist or have been modified.

21.     Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

I.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

A.     There are accessible-designated parking spaces at the Property that do not have access aisles;

B.     There are impermissible cracks and gaps where the curb cuts meet the parking lot, creating an uneven and broken ground surface;

C.     There is no level landing space at the top or bottom of the main entrance ramp to the Property;

D.     There is an impermissible cross slope on the main entrance ramp;

E.     There are noncompliant handrails at the main entrance ramp;

F.     Inside the Property there is a "Bayou Market" sale and service counter, which is excessively high off of the finished floor;

G.     The lavatory pipes are not insulated so as to prevent burns and

4

abrasions;

H. The toilet seat cover dispenser in the men's room accessible-designated toilet stall is excessively high off of the finished floor;

I. Inside the Casino at the Property, the main cashier counter is located excessively high off of the finished floor;

J. Inside the Casino there are gaming devices with fixed inaccessible seating;

K. Inside the Casino there are kiosks with operable parts that are located excessively high off of the finished floor;

L. There are noncompliant grab bars inside of the toilet stalls of the men's restroom;

M. There is a noncompliant route between the hotel and the Casino.

N. Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, the Property is obligated to comply with the 2010 ADA Accessibility Standards for New Construction as the last application for a building permit or permit extension was certified to be complete by a State, county, or local government on or after March 15, 2012.

24.     Upon information and belief, in the alternative to Paragraph 23, the Property was built after the passage of the ADA on January 26, 1992, and therefore is obligated to comply with the 1991 ADA Accessibility Standards for New Construction.

25.     Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

26.     Upon information and belief, in the alternative to paragraphs 23 and 24, DEFENDANTS have failed to remove the barriers to access which exist at the Property, even though their removal is readily achievable.

27.     Upon information and belief, removal of the barriers to access located on the Property would provide MR. RATCLIFF with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

28.     Independent of his intent to return as a patron to the Property, MR. RATCLIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

29.     MR. RATCLIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. RATCLIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. RATCLIFF demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A.  That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B.  That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. RATCLIFF; and

D.  That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn
aklevorn@bizerlaw.com (LA # 35193)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Andrew D. Bizer_____
    ANDREW D. BIZER